FILED

2015 Jul-24  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL PINION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case Number: 2:12-cv-02789-JHH-JHE |
| | ) | |
| DEPUTY WARDEN GARY HETZEL and | ) | |
| THE ATTORNEY GENERAL FOR THE | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On July 1, 2015, the magistrate judge entered a Report and Recommendation, recommending that this petition for writ of habeas corpus be dismissed with prejudice. (Doc. 12). Petitioner James Michael Pinion has filed objections. (Doc. 15). For the following reasons, his objections are **OVERRULED**.

First, Pinion asserts he exhausted all state remedies in a timely manner because he appealed through one full round of state-court appeals. (*Id.* at 1). The magistrate judge acknowledged as much, (doc. 12 at 1-2), but found Pinion's claims procedurally defaulted on adequate and independent state grounds and failure to *fairly* present a claim to the state courts. (*Id.* at 4-5). To the extent this was intended as an objection, it is **OVERRULED**.

In the first numbered objection, Pinion asserts his argument regarding the verdict form typo was properly preserved, (doc. 15 at 2); however, that question is not before this Court because he did not raise it as a claim in this habeas action, (*see* doc. 1 at 5-6). This objection is **OVERRULED**.

In his second, third, and fourth numbered objections, Pinion asserts he properly preserved the issues of the character testimony of Bobbi Pickle,[1] the alleged *Brady* violation, and the videotape testimony, (doc. 15 at 2-4); however, as the magistrate judge noted, Pinion does not present any federal question on these points, merely arguing that the state court's holding regarding state law was wrong and the underlying federal question should have been addressed.  This Court will not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  These objections are **OVERRULED**.

The final two numbered objections address Pinion's assertion the state trial court had the discretion to sentence him to a split sentence and that a failure to do so was cruel and unusual punishment under the Eighth Amendment.  (Doc. 15 at 4-5).  These objections merely restate Pinion's arguments before the magistrate judge, which fail on the same grounds as set out in the report and recommendation: the split sentence issue is both meritless, *see* Ala. Code § 15-18-8(a) (exempting sex offenses against children under twelve), and a state-law question this Court will not reexamine, *see Estelle*,  502 U.S. at 67-68; and the Eighth Amendment claim is both meritless, *see United States v. Farley*, 607 F. 3d 1294, 1343 (11th Cir. 2010) (affirming a longer sentence for unsuccessfully attempting a similar crime), and procedurally defaulted, *see McNair v. Campbell*, 415 F.3d 1291, 1303 (11th Cir. 2005) (requiring the federal claim be fairly presented throughout the state proceedings and not hidden in the record).  These objections are **OVERRULED**.

---

[1]The substance of the character-witness claim is just as meritless regarding Bobbi Pickle as it is regarding Daniel Pickle.  As the magistrate judge set out in his report and recommendation, Alabama's Mercy Rule does not allow the testimony Pinion seeks, *see Abney v. State*, 586 So. 2d 995, 998 (Ala. Ct. Crim. App. 1991), and any permissible evidence disallowed beyond what the trial court did allow would not have rendered the entire trial fundamentally unfair, *see Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991).

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.  Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court.  The petition for writ of habeas corpus is due to be **DISMISSED**.  A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this the __24th__ day of July, 2015.

_James H. Hancock_

SENIOR UNITED STATES DISTRICT JUDGE